UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:22-cv-01405-WWB-DAB

VOLVIK USA INC., a Florida corporation, and VOLVIK INC., a Korean corporation,

    Plaintiffs,

v.

SOO YON JEON SHIN, an individual, JAMES EUNSUK CHOI, an individual, and FORWARD MOTION CORPORATION, a California corporation,

    Defendants.
_____/

SOO YON JEON SHIN, individually and derivatively on behalf of VOLVIK USA INC., a Florida corporation, JAMES EUNSUK CHOI, an individual, and FORWARD MOTION CORPORATION, a California corporation,

    Counter-Plaintiffs,

v.

VOLVIK INC., a Korean corporation, VOLVIK USA INC., a Florida corporation, KYUNG AHN MOON, an individual, KIDONG JANG, an individual, SEUNG SEOK HONG, an individual, and NAMHYUN KIM, an individual,

    Counter-Defendants.
_____/

**COUNTER-DEFENDANT, VOLVIK USA INC.'S, MOTION TO DISMISS COUNTS VI AND XI OF COUNTER-PLAINTIFFS' VERIFIED COUNTERCLAIM FOR DERIVATIVE RELIEF PURSUANT TO FLA. STAT. § 607.0742 AND COUNTERCLAIM FOR DIRECT RELIEF WITH PREJUDICE, AND <u>COUNTER-DEFENDANT'S INCORPORATED MEMORANDUM OF LAW</u>**

Counter-Defendant, VOLVIK USA INC. ("Volvik USA"), by and through its undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 3.01, hereby files its *Motion to Dismiss Count VI and XI of Counter-Plaintiffs' Verified Counterclaim for Derivative Relief Pursuant to Fla. Stat. § 607.0742 and Counterclaim for Direct Relief with Prejudice, and Counter-Defendant's Incorporated Memorandum of Law* (this "Motion"), and requests this Court to (1) dismiss Count VI of Counter-Plaintiffs, SOO YON JEON SHIN ("S. Shin"), JAMES EUNSUK CHOI ("Choi"), and FORWARD MOTION CORPORATION'S ("Forward Motion"), *Verified Counterclaim for Derivative Relief Pursuant to Fla. Stat. § 607.0742 and Counterclaim for Direct Relief* (Doc. 28) (the "Counterclaim") with prejudice because S. Shin has failed to sufficiently state a claim upon which relief can be granted based upon applicable law, and (2) dismiss Count XI of the Counterclaim with prejudice because Forward Motion has failed to sufficiently state a claim upon which relief can be granted as, *inter alia*, the subject contract contradicts and refutes Forward Motion's breach-of-contract claim against Volvik USA. In support thereof, Volvik USA states as follows:

## I. PERTINENT PROCEDURAL HISTORY

On October 21, 2022, Counter-Plaintiffs filed the Counterclaim. Count VI of the Counterclaim ("Count VI") and Count XI of the Counterclaim ("Count XI") are the only claims against Volvik USA in the Counterclaim. (*See* Doc. 28, *passim*).

On November 10, 2022, this Court entered its *Endorsed Order* (Doc. 40) that granted Volvik USA an extension of time until November 18, 2022, to file its response to the Counterclaim. Thus, Volvik USA has timely filed this Motion.

Count VI is S. Shin's claim for the appointment of a custodian or, alternatively, a provisional director pursuant to Florida Statutes §§ 607.0748(1) and § 607.0749(1). (*See* Doc. 28, ¶¶ 114-118). Count VI is predicated upon Counter-Defendants, KIDONG JANG ("Jang") and SEUNG SEOK HONG ("Hong"), not being duly-appointed Directors of Volvik USA, which, according to S. Shin, has rendered Volvik USA's Board of Directors deadlocked. (*See id.*). However, based upon applicable law, Jang and Hong have been duly appointed to serve as Volvik USA's Directors and, consequently, Volvik USA's Board of Directors is <u>not</u> deadlocked as detailed *infra*.

Count XI is Forward Motion's breach-of-contract claim against Volvik USA. (*See id.* at ¶¶ 142-147). Thereby, Forward Motion sued Volvik USA for purportedly breaching the "Business Contract" (Doc. 28-6), which Forward Motion attached to the Counterclaim as an exhibit, by not paying Forward Motion $794,400.00, which is purportedly owed under the Business Contract. (*See* Doc. 28, ¶¶ 49, 142-147). However, the Business Contract's express terms undermine Forward Motion's claims as explained *infra*.

## II. ARGUMENT

"Rule 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. Furthermore, they must accept all factual allegations contained in the complaint as true and view the facts in a light most favorable to the plaintiff." *Infinity Exhibits, Inc. v. Certain Underwriters at Lloyd's London Known as Syndicate PEM 4000*, 489 F. Supp. 3d 1303, 1306 (M.D. Fla. 2020) (internal citations omitted).

"Legal conclusions, though, are not entitled to the assumption of truth. In fact, conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. This plausibility standard is met when the plaintiff pleads enough factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations and quotation marks omitted).

**A.  This Court Should Dismiss Count VI with Prejudice because Jang and Hong Have Been Duly Appointed to Serve as Volvik USA's Directors, which Renders Count VI a Claim upon which Relief Cannot Be Granted.**

1.  <u>Material Facts Alleged in the Counterclaim:</u>

In 2012, Volvik USA was incorporated. (Doc. 28, ¶ 14). Volvik USA never enacted bylaws, and its shareholders never entered into any shareholder agreement or agreed to any other governing documents. (*Id.* at ¶ 16). From the date of incorporation of Volvik USA until nonparty, DONG HWAN SHIN'S ("D. Shin"), death on February 24, 2022, D. Shin and Counter-Defendant, KYUNG AHN MOON ("Moon"), served as Volvik USA's Board of Directors. (Doc. 28, ¶¶ 17, 28).[1] During that time, Volvik USA held no formal board meetings or shareholder meetings. (*Id.* at ¶ 17). Upon D. Shin's death, Volvik USA had one remaining Director, Moon. (*Id.* at ¶ 30).

Thereafter, Moon appointed Jang to fill the vacancy on Volvik USA's Board of Directors created by D. Shin's death. (*Id.* at ¶ 51; Doc. 28-7 pp. 2-3). Subsequently, on

---

[1] This admission by Counter-Plaintiffs in the Counterclaim is confirmed by Volvik USA's *Electronic Articles of Incorporation*, which identified, *inter alia*, D. Shin and Moon as Volvik USA's original Directors. *See* **Exhibit "A"** hereto.

3

July 26, 2022, Moon resigned from Volvik USA's Board of Directors. (Doc. 28, ¶ 53; Doc. 28-7 pp. 2-3). Consequently, Jang appointed Hong to fill the vacancy on Volvik USA's Board of Directors created by Moon's resignation. (*Id.*).

On October 5, 2022, Volvik USA's Shareholders held a special meeting (the "Special Shareholders Meeting"). (Doc. 28, ¶ 74). No directors were elected or appointed to serve on Volvik USA's Board of Directors at the Special Shareholders Meeting, and no change in the number of Directors of Volvik USA were approved. (*Id.*).

    2.    <u>Elements to Establish Entitlement to Relief under Florida Statutes § 607.0748(1):</u>

Florida Statutes § 607.0748(1) provides that courts "may appoint one or more persons to be custodians or receivers of and for a corporation in a proceeding by a shareholder" after a full hearing is held. § 607.0748(1)(a) permits courts to grant the foregoing relief if a shareholder can establish the following: (1) the corporation's board of directors is deadlocked in the management of the corporate affairs; (2) the corporation's shareholders cannot break the foregoing deadlock; **and** (3) irreparable injury to the corporation is threatened or being suffered. § 607.0748(1)(b) also permits courts to appoint custodians or receivers for a corporation if a shareholder can establish that (1) the directors or other persons in control of the corporation are acting fraudulently, **and** (2) irreparable injury to the corporation is threatened or being suffered.

    3.    <u>Elements to Establish Entitlement to Relief under Florida Statutes § 607.0749(1):</u>

Florida Statutes § 607.0749(1) grants courts the discretion to appoint a provisional director if a shareholder can prove that such an appointment will remedy a deadlock of

4

the corporation's board of directors over the management of the corporate affairs that the corporation's shareholders are unable to break.

    4.    <u>S. Shin Is Not Entitled to Relief under §§ 607.0748(1)(a) and 607.0749(1), and Consequently, Cannot State a Claim upon which Relief May Be Granted under Said Statutes because Volvik USA's Board of Directors Is Not Deadlocked.</u>

To be entitled to relief under Florida Statutes §§ 607.0748(1)(a) or § 607.0749(1), S. Shin must establish, *inter alia*, that Volvik USA's Board of Directors are deadlocked. A deadlock exists when the directors are so divided respecting the management of the affairs of the corporation that the required vote for action by the board of directors cannot be obtained. *See Hoban v. Dardanella Elec. Corp.*, 1984 WL 8221, at *1 (Del. Ch. June 12, 1984). S. Shin argues that Volvik USA's Board of Directors is deadlocked because either (1) there are currently no authorized Directors under Florida law as Jang and Hong were not duly appointed to fill vacancies on Volvik USA's Board of Directors, or (2) Jang's and Hong's terms as Volvik USA's Directors expired at the October 5, 2022, Special Shareholders Meeting. S. Shin's argument is incorrect.

Jang and Hong were duly appointed to fill vacancies on Volvik USA's Board of Directors. Florida Statutes § 607.0803(1) provides that a "board of directors must consist of one or more individuals, **with the number specified in or <u>fixed in accordance with the articles of incorporation</u>** or bylaws." Volvik USA does not have bylaws. Volvik USA's *Electronic Articles of Incorporation* fixed two initial Directors of Volvik USA, D. Shin and Moon. D. Shin's death created a vacancy on Volvik USA's Board of Directors and an inability to obtain a quorum, unless another director was appointed. *See* Fla. Stat. § 607.0824(1) ("a quorum of a board of directors consists of a majority of the number of directors specified in or fixed in accordance with the articles of incorporation or the

5

bylaws."). Consequently, Moon exercised his right under Florida Statutes § 607.0809(c) as the remaining Director of Volvik USA to fill the vacancy on Volvik USA's Board of Directors by appointing Jang as a Director of Volvik USA. *See* Fla. Stat. § 607.0809(c) ("If the directors remaining in office are less than a quorum, the vacancy may be filled by the affirmative vote of a majority of all the directors then remaining in office."). Thereafter, on July 26, 2022, Moon resigned as a Director of Volvik USA, which resulted in another vacancy on Volvik USA's Board of Directors and Volvik USA's Board of Directors having less than a quorum. Consequently, Jang exercised his right under Florida Statutes § 607.0809(c) as the remaining Director of Volvik USA to fill the vacancy on Volvik USA's Board of Directors by appointing Hong as a Director of Volvik USA. Accordingly, Jang and Hong were duly appointed to fill vacancies on Volvik USA's Board of Directors.

Also, Jang's and Hong's terms as Volvik USA's Directors have not expired. S. Shin contends that Jang's and Hong's terms as Volvik USA's Directors expired at the October 5, 2022, Special Shareholders Meeting because Jang and Hong were appointed to Volvik USA's Board of Directors to fill vacancies and, consequently, their terms ended at the Special Shareholders Meeting pursuant to Florida Statutes § 607.0805(4), which provides that the "term of a director elected to fill a vacancy expires at the next shareholders' meeting **at which directors are elected**." (emphasis added).

First, § 607.0805(4)'s plain language provides that the terms of directors who fill vacancies expire at the next shareholders' meeting "at which directors are elected." (emphasis added). No directors were elected to Volvik USA's Board of Directors at the Special Shareholders Meeting. Thus, § 607.0805(4) is inapplicable.

6

Second, even if Jang's and Hong's terms as Volvik USA's Directors expired at the Special Shareholders Meeting pursuant to § 607.0805(4) (they did not), Florida Statutes § 607.0805(5) provides that "despite the expiration of a director's term, the director continues to serve until his or her successor is elected and qualifies or until there is a decrease in the number of directors." Again, no directors were elected to Volvik USA's Board of Directors at the Special Shareholders Meeting. Therefore, pursuant to § 607.0805(5), Jang's and Hong's terms as Volvik USA's Directors continue until Jang's and Hong's successors are elected and qualified to serve on Volvik USA's Board of Directors.

    5.    <u>S. Shin's Is Not Entitled to Relief under § 607.0748(1)(b) and, Consequently, Cannot State a Claim upon which Relief May Be Granted under Said Statutes because Volvik USA's Board of Directors Is Not Deadlocked.</u>

Again, to be entitled to relief under Florida Statutes § 607.0748(1)(b), S. Shin must establish that (1) the directors or other persons in control of Volvik USA are acting fraudulently, **and** (2) irreparable injury to Volvik USA is threatened or being suffered. S. Shin alleges, in pertinent part, that the "current de facto directors, Hong and Jang are acting fraudulently because they were not properly appointed or elected." (Doc. 28, ¶ 117). However, as elucidated in Section II(A)(4) *supra*, Hong and Jang were duly appointed to fill vacancies in accordance with Florida Statutes § 607.0809(c), and their terms as Volvik USA's Directors has not expired in accordance with Florida Statutes §§607.0805(4)-(5).

**B.      This Court Should Dismiss Count XI with Prejudice because the Business Contract's Express Terms Refute Forward Motion's Breach-of-Contract Claim, which Renders Count XI a Claim upon which Relief Cannot Be Granted.**

As alleged in the Counterclaim, "Forward Motion **agreed <u>to provide</u> golf balls and related products** to Volvik USA in exchange for the payment of $794,000.00." (Doc. 28, ¶ 143) (emphasis added). Article 6 of the Business Contract provides, in pertinent part, that **"[a]fter the contract is completed**, [Volvik USA] pays [Forward Motion] within 3 business days according to the payment rules." (Doc. 28-6, pp. 1-2) (emphasis added). *See United States for use & benefit of GLF Constr. Corp. v. FEDCON Joint Venture*, No. 817CV01932T36AAS, 2019 WL 5295329, at *19 (M.D. Fla. Oct. 18, 2019) ("Conditions precedent to an obligation to perform are those acts or events, which occur subsequently to the making of a contract, that must occur before there is a right to immediate performance and before there is a breach of contractual duty.").

Forward Motion has failed to make a single allegation in the Counterclaim that Forward Motion, in fact, performed its obligations under the Business Contract, i.e., that it provided Volvik USA with golf balls and related products. Instead, Forward Motion alleges that it "sourced the golf balls and related goods under the Business Contract from another supplier." (Doc. 28, ¶ 146). Sourcing from a supplier is not providing the end user, Volvik USA, with the products it promised to supply under the Business Contract.

As the Business Contract clearly and unambiguously provides that Volvik USA is obligated to pay Forward Motion within 3 days "after the contract is completed," i.e., when Forward Motion provides Volvik USA with the golf balls and related products promised, and Forward Motion has not alleged that said condition precedent occurred (nor, in good faith, can Forward Motion make such a verified allegation because it has not provided

8

Volvik USA with any golf balls or related products), Volvik USA has no payment obligations under the Business Contract. *FEDCON Joint Venture*, No. 817CV01932T36AAS, 2019 WL 5295329, at *19 ("Condition precedents are generally unfavored, and courts will only construe provisions as such based on the plain, unambiguous language or by necessary implication"). And as Forward Motion has alleged that "Volvik USA materially breached the Business Contract by failing to pay Forward Motion the owed amount," Forward Motion's breach-of-contract claim fails to state a claim upon which relief may be granted because Forward Motion failed to satisfy its condition precedent to receive payment from Volvik USA, i.e., completion of the Business Contract. *Aerospace Precision, Inc. v. NexGen Aero, LLC*, No. 17-CV-61106-WPD, 2017 WL 10186583, at *3 (S.D. Fla. Sept. 27, 2017) ("The interpretation of an unambiguous contract is, by definition, a pure question of law. As such, it appropriately can be undertaken at any stage of a dispute. And since a court presented with an unambiguous contract must confine its analysis to the four corners of the agreement and may not consider extrinsic evidence, there is no compelling reason to delay that analysis until after development of the factual record…. the proper approach for a court presented with a motion to dismiss a breach of contract claim pursuant to Rule 12(b)(6) is, if it finds the contract unambiguous, to interpret the contract and then decide whether the defendant's conduct, as alleged in the complaint, amounts to a violation.") (internal citations and quotation marks omitted).

**C.     This Court Should Dismiss Count XI with Prejudice because S. Shin Lacked Authority to Enter into the Self-Serving Business Contract on Behalf of Volvik USA.**

On July 28, 2022, S. Shin executed the Business Contract on behalf of Volvik USA. (*See* Doc. 28-6, p. 6). S. Shin has never been a Director of Volvik USA. (*See* Sec. II(A)(1)). S. Shin purports that she was appointed as Volvik USA's Co-President on March 3, 2022. (Doc. 28, ¶ 32). However, assuming that is true, Volvik USA's duly-appointed Directors, Moon and Jang, removed S. Shin as the President of Volvik USA on July 26, 2022, via that certain *Action by Unanimous Written Consent of the Board of Directors of Volvik USA Inc.* (Doc. 28-7), which is attached as an exhibit to the Counterclaim. (*See* Doc. 28-7, pp. 4-5); *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) ("It is the law in this Circuit that 'when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.'"). Thus, the only position that S. Shin allegedly held with Volvik USA at the time of executing the Business Contract on behalf of Volvik USA was that of Shareholder. And Shareholders lack authority to enter into contracts on behalf of corporations; rather, that right is reserved with the corporations' management. *See Ideal Foods, Inc. v. Action Leasing Corp.*, 413 So. 2d 416, 417 (Fla. Dist. Ct. App. 1982) ("In order to bind Ideal in this case, Maru must have had either (1) inherent authority, i.e., authority by virtue of his position in the company, or (2) apparent authority, i.e., the authority the principal knowingly permits his agent to assume or which the principal by his actions or words holds out the agent as possessing. Neither as shareholder nor as secretary-treasurer did Maru have the inherent authority to bind Ideal."); *see also Browder v. Mut. Tool & Die, Inc.*, 25 Ohio Misc. 206, 209, 263 N.E.2d 785, 787 (Ohio Com. Pl. 1970) ("It would appear that the provisions in the contract designated 6-B are totally void

as to Browder Industries, Inc. because it did not enter into nor was it a party to the agreement. Browder Industries, Inc. is still a legal entity. The shareholders of said Corporation executed the contract but only in the capacity as shareholders. Therefore, it would appear that a contract executed by the shareholders of a corporation as shareholders cannot bind the corporation.").

Moreover, S. Shin is the Secretary and one of two directors of Forward Motion.[2] Thus, not only was S. Shin unauthorized to enter into the Business Contract on Volvik USA's behalf, she was impermissibly self-dealing, and attempting to bind Volvik USA to the Business Contract for her benefit and to the detriment of Volvik USA.

### III. CONCLUSION

WHEREFORE, Counter-Defendant, VOLVIK USA INC., hereby requests this Court to enter an order that (1) grants this Motion, (2) dismisses Count VI and Count XI of the Counterclaim with prejudice, (3) and grants Volvik USA such other relief that this Court deems just and proper.

### IV. LOCAL RULE 3.01(g) CERTIFICATION

The undersigned hereby certifies that he conferred with S. Shin's and Forward Motion's attorney on November 11, 2022, via telephone in a good-faith effort to resolve this Motion. However, the parties were unable to agree on a resolution of this Motion.

---

[2] See Composite Exhibit "A" of Volvik USA's *Motion for Court to Take Judicial Notice of State Corporate Records*, which was filed contemporaneously with this Motion. Said composite exhibit is Forward Motion's governing documents on file with the State of California's Secretary of State, which reflect S. Shin holding the positions of Secretary and Director of Forward Motion. *See Roberto v. Shendell & Assocs., P.A.*, No. 9:17-CV-81213, 2018 WL 1367445, at *1 (S.D. Fla. Mar. 16, 2018) ("On a motion to dismiss, a court may take judicial notice of public records without converting the motion to dismiss into a motion for summary judgment.").

Submitted this 18th day of November 2022.

/s/ *Ronald D. Edwards, Jr.*
**Ronald D. Edwards, Jr., Esq.**
Florida Bar No. 0053233
**Lowndes, Drosdick, Doster, Kantor & Reed, P.A.**
215 North Eola Drive
Post Office Box 2809
Orlando, Florida 32802
Phone: (407) 843-4600
Facsimile: (407) 843-4444
ronald.edwards@lowndes-law.com
lit.control@lowndes-law.com
tracy.kennison@lowndes-law.com
*Attorneys for Volvik USA, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was electronically filed and served via CMF to all attorneys of record this 18th day of November 2022.

/s/ *Ronald D. Edwards, Jr.*
**Ronald D. Edwards, Jr., Esq.**

12